Jones, Judge,
dissenting:
I cannot agree with the conclusion reached by the majority.
I would approve the facts substantially as they were found by the commissioner of the court instead of as found by the court.
The testimony is hopelessly conflicting. If the testimony of the several plaintiffs is worthy of belief, they are entitled to recover. To deny such recovery it is necessary to accept the testimony of the truck driver and the other employee who was with him and to disregard the testimony of the plaintiffs.
I think the physical facts support the plaintiffs’ testimony. The plaintiffs were going upgrade in an Oldsmobile car; the other driver was coming downgrade in a truck loaded with piping. There was a bend in the road, the curve being toward the east. The outside of the curve was to the right of the truck driver. Admittedly when the collision occurred the truck driver was on the wrong side of the road. He claimed that he turned to that side just before the accident in a desperate attempt to avoid the collision with the plaintiff’s car which he asserted had been driving on the wrong side of the road and which had turned back toward the eastern or proper side of the road at about the same time he turned.
The undisputed facts show that the Oldsmobile was going upgrade in second gear. The truck driver came over the crest of the hill and started downgrade in second gear, but after going a short distance shifted to high gear and with *648 a loaded truck was going down the hill in high gear at the time of the collision.
The curve in the road was not a sharp one. If the truck driver’s testimony is accepted that both, cars were driving ■on the outer rim of the road they could have seen each other at a considerably greater distance than if they were driving near the center or near the inner circle of the road.
The position of the vehicles near the inner circle of the road after the accident, the fact that the plaintiffs were driving in second gear while the truck driver had shifted to high gear coming downgrade with a loaded truck, and the shorter distance that they could see each other if they were near the inside of the road, all tend to support the view that the truck driver was cutting in to the center if not to the inner side of the road. Plaintiff McGregor who was driving the Oldsmobile testified that when he saw the truck it was zigzagging down near the center of the road and that he could not tell which way it was going to turn.
This is a fact case. In my judgment the physical facts •overwhelmingly support the testimony for the plaintiffs. The truck driver was guilty of negligence and that negligence was the proximate cause of the collision and injury, and neither of the plaintiffs was guilty of contributory negligence.
I would find for the plaintiffs in the respective amounts set out in the findings of the commissioner’s report.
LittletoN, Judge^ concurs in this opinion.
ON MOTION FOR A NEW TRIAL
Whitaker, Judge,
delivered the opinion of the court:
On motion for a new trial exception is taken to the participation in these cases of the Judge who wrote the opinion of the court, because the cases were pending while he was Assistant Attorney General in charge of the Claims Division of the Department of Justice. At no time did he direct or participate in directing the conduct of these cases, nor did he have any knowledge of the facts or issues involved until the cases were argued before this court. When they *649 were argued it bad been three and a quarter years since he had been Assistant Attorney General. He was present on the bench when the cases were argued and participated in the argument without objection. His participation in the cases under such circumstances was in line with precedent established by Justices of the Supreme Court and, in the opinion of this court, was proper.
The motion for a new trial on this ground and all other-grounds is overruled. It is so ordered.
Madden, Judge; JoNes, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.